## PHILLIP BAILEY *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—436.]

**Criminal Law—Instruction.**

If there is no evidence from which the jury in a murder case might have found that the accused did the killing complained of in his own self-defense, even an erroneous instruction on the law of self-defense is not prejudicial to a defendant's substantial rights.

**Evidence of Dying Declaration.**

There is no error in allowing a witness to testify orally to the dying statements of deceased after the written statement had been read where the oral statements were simply an elaboration of what is contained in the writing, and are not contradictory to the writing.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

May 12, 1881.

OPINION BY JUDGE HINES:

If there was any evidence in the case from which the jury might have found that appellant did the killing in necessary or apparently necessary self-defense, the error contained in in-

struction No. 1 for appellant would authorize a reversal; but as there is no such evidence it does not appear that the error could have been prejudicial to the substantial rights of the appellant. To authorize a reversal there must be error, and it must appear that that error was prejudicial to the substantial rights of the accused.

There was no error in allowing the witness to testify orally to the dying statements of Green after the written statement had been read. The oral statements were simply an elaboration of what was contained in the writing, and were not contradictory to the writing. Besides, there is nothing to show that these statements were injurious to appellant. It has been too often decided by this court that an error first appearing in a motion for a new trial is not the subject of review to require any further comment.

Judgment *affirmed.*

*Ira Julian, for appellant.*

*P. W. Hardin, for appellee.*